Helene Wasserman, Bar No. 130134
hwasserman@littler.com
David S. Maoz, Bar No. 233857
dmaoz@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Fax No.:    800.715.1330

Attorneys for Defendant
BUREAU VERITAS COMMODITIES AND
TRADE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NELSON BONDAD, an Individual, | Case No.   2:25-cv-1062 |
| Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTIONS 1332 AND 1441(b) and (c)** |
| v. | |
| BUREAU VERITAS COMMODITIES AND TRADE, INC., and DOES 1 through 50, Inclusive, | [FEDERAL QUESTION AND DIVERSITY JURISDICTION] |
| Defendants. | |

LITTLER
MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF NELSON BONDAD AND HIS ATTORNEYS:**

PLEASE TAKE NOTICE THAT Defendant BUREAU VERITAS COMMODITIES AND TRADE, INC. ("Defendant") hereby removes the above-captioned action from the Superior Court for the State of California, County of Los Angeles, to the United States District Court for the Western District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This removal is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. § 1332 based upon both federal question jurisdiction and complete diversity of citizenship. Defendant makes the following allegations in support of its Notice of Removal:

**STATEMENT OF JURISDICTION**

1. This Court has original jurisdiction over this action under the federal question statute. The action is subject to removal based upon this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, which gives the U.S. District Courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's Complaint assert a claim for Interference, Discrimination, Retaliation for Taking FMLA Leave in Violation of 29 U.S.C. § 2615(a). A copy of the Summons and Complaint (along with accompanying documents, including a Notice of Case Assignment and Case Management Conference and Alternative Dispute Resolution Information Packet) are collectively attached to the accompanying Declaration of David S. Maoz ("Maoz Decl.") as Exhibit 1 (Maoz Decl. is attached to Notice of Removal as Exhibit A).

2. Additionally, when a district court has original jurisdiction over a civil action pursuant to 28 U.S.C. § 1331, the court also can exercise supplemental jurisdiction over the state law claims that "form part of the same case or controversy" as the federal law claims. 28 U.S.C. § 1367(a). Supplemental jurisdiction exists as to

LITTLER
MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

Plaintiff's state law claims because they "derive from a common nucleus of operative fact," and they are so linked to the federal claim that a plaintiff ordinarily would be expected to try them all in a single judicial proceedings. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 1138 (1966). Here, Plaintiff's state claims are substantially related to her federal leave claim because it derives from the same core alleged factual issues – Plaintiff's employment with Defendant. Accordingly, this Court has supplemental jurisdiction to the extent Plaintiff also brings state law claims (under the California Fair Employment and Housing Act, California Labor Code, and California common law claims) because it is part of the same "case or controversy" as Plaintiff's federal Title VII and Section 1983 claims over which the Court has original subject matter jurisdiction.

3.    This Court has also original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, if it is a civil action between citizens of different states, and no defendant is a citizen of the State of California. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## VENUE

4.    The action was filed in Superior Court of the State of California, Los Angeles County. Venue properly lies in the United States District Court for the Western District of California pursuant to 28 U.S.C. sections 84(a), 1441(a) and 1446(a).

## PLEADINGS, PROCESS AND ORDERS

5.    On November 26, 2024, an action was commenced in the Superior Court for the State of California, County of Los Angeles, entitled *Nelson Bondad v. Bureau Veritas Commodities And Trade, Inc., and DOES 1 through 50, Inclusive*, as case number 24STCV031236 (the "Complaint"). The Complaint asserts the following causes of action against Defendant: (1) Discrimination in Violation of Government

LITTLER
MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

3

Code § 12940, et seq. ("FEHA"); (2) Failure to Accommodate in Violation of FEHA; (3) Failure to Engage in the Interactive Process in Violation of FEHA; (4) Retaliation in Violation of FEHA; (5) Failure to Prevent in Violation of FEHA; (6) Interference, Discrimination, Retaliation for Taking FMLA Leave in Violation of 29 U.S.C. § 2615(a); (7) Retaliation for Requesting and/or Taking California Family Rights Act Leave; and, (8) Wrongful Termination in Violation of Public Policy. Plaintiff seeks general damages, special damages, actual damages, presumed damages, punitive damages, back pay, front pay, lost employment benefits, reinstatement, attorney's fees, injunctive relief, costs of suit, and such other just and/or equitable relief. Maoz Decl., Ex. 1.

6.      On January 7, 2025, Defendant executed a Notice And Acknowledgment of Receipt of the Summons and Complaint, thereby accepting service of process for the Summons and Complaint.   *See* Maoz Decl., Ex. 2.

7.      On February 6, 2025, Defendant filed an Answer in Los Angeles County Superior Court generally and specifically denying Plaintiff's allegations and setting forth affirmative defenses thereto.  *See* Maoz Decl., Ex. 3.

8.      Pursuant to 28 U.S.C. ¶ 1446(d), the attached exhibits constitute all process, pleadings and orders served on Defendant or filed without notice to Defendant or received by Defendant in this action.  To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Los Angeles County Superior Court or served by any party.

9.      As of the date of this Notice of Removal, no other parties have been named in this action.

10.     As of the date of this Notice of Removal, Defendants is the only defendants that has been served with the Summons and Complaint in this action.

11.     There is an initial Case Management Conference scheduled in the state court action on April 3, 2025.  To Defendant's knowledge, no other proceedings related hereto have been heard or are currently scheduled in Los Angeles County Superior

LITTLER
MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

4

Court.

## TIMELINESS OF REMOVAL

14.    This Notice of Removal is timely filed as it is filed within thirty (30) days of February 21, 2024, the date of service of the Summons and Complaint, and within one year from the commencement of this action.  *See* 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

15.    The diversity of citizenship statute, 28 U.S.C. § 1332(a), provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1)  citizens of different States. . .

This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A.    Diversity of Citizenship

16.    To establish citizenship for diversity purposes, a natural person must be both a citizen of the United States and a domiciliary of a particular state.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  An individual is a citizen of any state where he or she domiciled at the time the lawsuit is filed.  *Kantor*, 704 F.2d at 1090; *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (a party's residence is prima facie evidence of domicile for purposes of determining citizenship).

17.    Plaintiff is domiciled and resides in the State of California. Complaint ¶ 1, attached to Maoz Decl., Exhibit 1. Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes.

LITTLER
MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                    5

18.    For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and/or the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  At the time this action was commenced in state court, Defendant was a corporation organized under the laws of the State of Delaware.  *See* Emery Decl., at ¶ 3, attached hereto as Exhibit B.  In addition, at the time this action was commenced, Defendant's corporate offices and headquarters—which house its executive and administrative functions are located in Pasadena, Texas.  *Id.* at ¶ 5.  Thus, at the time this action was commenced and at the time of removal, Defendant was and is a citizen of the State of Delaware and Texas. *See Hertz Corp. v. Friend*, 130 U.S. 1181, 1192-93 (2010) (the principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities"). *See also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

19.    No other party has been named or served as of the date of this removal. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

20.    Thus, as set forth above, Plaintiff is a citizen of California, and Defendant is a citizen of Delaware and Texas. Accordingly, the diversity requirement of 28 U.S.C. section 1332(d)(2)(a) is satisfied.

21.    Plaintiff's Complaint also names as Defendants "Does 1-100."  Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. Further, to Defendant's knowledge, no fictitious defendant has been served; thus, none need join in the Notice of Removal.  *See Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summoned can remove by themselves.").

LITTLER
MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                    6

**B.     The Amount in Controversy Exceeds $75,000**

22.     Defendants only need to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

23.     Economic damages, non-economic damages, general damages, attorneys' fees and costs and punitive damages are all included in determining the amount in controversy. *See Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (prayer for punitive damages included in determining amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute). The Court may examine the nature of the action and the relief sought and take judicial notice of attorneys' fee awards in similar cases. *See, e.g., Simmons v. PCR Technology,* 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment discrimination cases often exceed damages). Furthermore, such fees are calculable beyond the time of removal. *Id*.

24.     The amount in controversy exceeds the minimum required to invoke diversity jurisdiction ($75,000), and all of the other requirements for diversity jurisdiction are met. 28 U.S.C. § 1332.

a)     Plaintiff's Complaint seeks, *inter alia*, the following relief for Plaintiff: general damages, special damages, actual damages, presumed damages, punitive damages, back pay, front pay, lost employment benefits, reinstatement, attorney's fees, statutory penalties, injunctive relief, costs of suit, and such other just and/or equitable relief. *See* Maoz Decl., Exhibit 1, Complaint, Prayer for Relief, p. 20.

b)     Plaintiff alleges that Defendant terminated his employment on or about November 7, 2023. *See* Maoz Decl., Exhibit 1, Complaint, ¶ 22. At the time of his termination, Plaintiff's annual earnings were in excess of $100,000.00. *See* Emery Decl., ¶ 6. Based on annual earnings of $100,000.00, or more, if Plaintiff were to prevail on his claim, he could be entitled to lost earnings (e.g., back pay) of at least

LITTLER
MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

7

approximately $135,000.00 through February, 2025 – the time of removal of this case to this Court – exclusive of the accompanying attorneys' fees that he would be entitled to if he prevails, further increasing that amount, with both totals growing as this case progresses.  Emery Decl., ¶ 6.

c)    In addition, Plaintiff's lost earnings allegations do not contain a limit in their temporal scope.  Front pay awards in California frequently span a number of years.  *See Smith v. Brown-Forma Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal. App. 3d 91, 97-98 (1976) (four years).  Even conservatively estimating that Plaintiff seeks front pay benefits for only one year after the initial case management conference set in this matter, the amount of future wages in controversy in this case would total at least an additional $100,000.00.[1]

d)    Plaintiff also alleges that he is entitled to general damages. *See* Maoz Decl., Exhibit 1, Complaint, Prayer for Relief, p. 20. Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See, e.g., Gardenhire v. Housing Authority of the City of Los Angeles*, 85 Cal. App. 4th 236, 240-241 (2002) (affirming judgment, including jury award of $1.3 million in emotional distress damages for wrongful termination in violation of public policy claim); *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), cert. denied, 535 U.S. 1018 (2002) (award of $30,000).

e)    Additionally, Plaintiff seeks attorneys' fees and costs. *See* Maoz Decl., Exhibit 1, Complaint, Prayer for Relief, p. 20. The Ninth Circuit held that "the

---

[1] Some of what is characterized as "front pay" herein would necessarily be "back pay" at the time of adjudication of Plaintiff's claims. *Lowe v. California Resources Agency*, 1 Cal. App. 4th 1140, 1144 (1991)("(B)ack pay refers to the amount that plaintiff would have earned but for the employer's unlawful conduct, minus the amount that plaintiff did earn or could have earned if he or she had mitigated the loss by seeking or securing other comparable employment."); *Pollard v. E.I. du Pont de Nemours & Co.* 532 U.S. 843, 853 (2001)("A front pay…award is the monetary equivalent of the equitable remedy of reinstatement.") Whether alleged lost wages for the months between the filing of Plaintiff's Complaint and trial is characterized as a "back pay" or "front pay" remedy, the total amount in controversy related to alleged wage loss remains the same.

LITTLER
MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

8

amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). This amount includes future attorneys' fees. *See Fritsch v. Swift Transp. Co. of Ariz. LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("there is no question that future [attorneys' fees] are 'at stake' in the litigation). In determining whether the amount in controversy exceeds $75,000, the Court may also estimate the amount of reasonable attorneys' fees likely to be recovered by a plaintiff if he were to prevail on his claims. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002). At an assumed rate of $400 per hour, Plaintiff's counsel would need to spend only 187.5 hours of attorney time (a conservative estimate of time spent through trial) to incur $75,000 in reasonable attorney's fees (187.5 x $400 = $75,000). Moreover, attorney's fees awards in employment matters often exceed $75,000. *See, e.g., Flannery v. Prentice*, 26 Cal.4th 572 (2001) (California Supreme Court upheld an award of attorneys' fees under Fair Employment and Housing Act ("FEHA") for $891,042). Thus, an attorneys' fees award in this case could easily reach or exceed $75,000.

f)    Plaintiff also seeks to recover punitive damages. *See* Maoz Decl., Exhibit 1, Complaint, Prayer for Relief, p. 20. The potential punitive damages award alone against defendants such as Bureau Veritas Commodities And Trade, Inc. may satisfy the amount in controversy. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code §3294, and the proper amount of punitive damages under California law is based on the reprehensibility of defendant's misdeeds, the ratio between compensatory and punitive damages and ratio between damages and defendant's net worth. *Boyle v. Lorimar Productions, Inc.,* 13 F.3d 1357 (9th Cir. 1994). Punitive damages are included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963). Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail and establish the requisite state of mind, the punitive damages alone could easily exceed the jurisdictional minimum.

LITTLER
MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

9

g)    Adding together Plaintiff's potential lost earnings damages of approximately $135,000.00 through February, 2025, potential damages for emotional distress, potential punitive damages and potential attorney's fees, the amount in controversy here easily exceeds $75,000, exclusive of interests and costs. Therefore, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000, exclusive of interests and costs, and because this is a civil action between citizens of different states. As such, the United States District Court for the Central District of California has original jurisdiction over this matter and removal is authorized under 28 U.S.C. §1441(b).

## NOTICE OF REMOVAL TO COURT AND ADVERSE PARTY

25.    Pursuant to 28 U.S.C. section 1446(d), Defendant is providing written notice of this removal to Plaintiff, Plaintiff's counsel, and a copy of this notice to the Clerk of the Superior Court of California, County of Los Angeles.

26.    In addition, a Notice of Stay of Proceedings is being filed with the Clerk of the Superior Court, County of Los Angeles, as a result of this Notice of Removal.

## CONCLUSION

27.    Defendant prays that the Court remove this civil action from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Western District of California.

Dated:  February 6, 2025                    LITTLER MENDELSON, P.C.


                                          /S/ David S. Maoz
                                          HELENE WASSERMAN
                                          DAVID S. MAOZ
                                          Attorneys for Defendant
                                          BUREAU VERITAS COMMODITIES
                                          AND TRADE, INC.

4876-9931-0249.1 / 081032-1274

LITTLER
MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                    10